**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA**

| | |
|---|---|
| JAY STEPHAN, | ) 3:10-cv-00595-ECR-VPC |
|     Plaintiff, | ) |
| | ) |
| vs. | ) **Order** |
| | ) |
| SIERRA PACIFIC POWER COMPANY and | ) |
| John & Mary Does, et al., | ) |
| | ) |
|     Defendants. | ) |
| | ) |

        This is an employment discrimination case arising under the
Americans with Disabilities Act in which Plaintiff alleges eight
causes of action for: (i) breach of contract; (ii) breach of the
covenant of good faith and fair dealing; (iii) interference with
contract rights; (iv) tortious discharge; (v) disability
discrimination; (vi) infliction of emotional distress; (vii)
conspiracy; and (viii) punitive and/or exemplary damages.  Now
pending are a motion (#9) for judgment on the pleadings filed by
SPPC and a motion (#17) to dismiss filed by Plaintiff.  The motions
are ripe, and we now rule on them.


                        **I. Factual Background**

        Plaintiff is a resident of Sparks, Nevada.  (Compl. ¶ 1 (#1 Ex.
1).  Defendant Sierra Pacific Power Company ("SPPC") is a

corporation in good standing duly organized in the state of Nevada
and authorized to do business in Washoe County, Nevada. (Id. ¶ 2.)
SPPC has more than fifty (50) employees and is an employer subject
to the Federal Americans with Disabilities Act (the "ADA") and
Nevada Revised Statutes Chapter 613. (Id. ¶ 3.) In or around 2003,
Plaintiff entered into an agreement of employment with Defendants
(the "Employment Contract"). (Id. ¶ 6.) In or around December
2004, while working as a Meter Reader Collector, Plaintiff was the
victim of a dog attack and sustained serious injury. (Id. ¶ 8.)
Plaintiff reported the attack to SPPC and filed a claim for worker's
compensation. (Id. ¶ 9.) In or around July 2007, Plaintiff
underwent surgery for injuries sustained in the dog attack and was
released to return to work in December 2008. (Id. ¶ 10.) As a
result of the dog attack, Plaintiff was partially, permanently
disabled, but was able to return to work, with reasonable
accommodations, for SPPC. (Id. ¶ 11.) Plaintiff applied for four
different positions with SPPC, the duties of which were within his
physical capabilities or with reasonable accommodations, between
February and June 2008, but did not gain employment with SPPC. (Id.
¶¶ 12-15.) In or around June 2008, SPPC informed Plaintiff that he
would not be reinstated until he had "a full release to return to
work; id est, without limitations." (Id. ¶ 16.) In or around
October 2008, SPPC offered Plaintiff a position for which he was not
qualified, notwithstanding that there were positions available with
reasonable accommodations for which Plaintiff was qualified. (Id. ¶
17.) In or around November 2008, SPPC gave Plaintiff "inactive"

2

1  work status and has not given Plaintiff an explanation for such
2  designation. (Id. ¶¶ 18-19.)

3       Plaintiff contends that as a direct and proximate cause of the
4  negligent, careless and/or unlawful conduct of Defendants, Plaintiff
5  has borne mental pain and suffering, and has lost, is losing and/or
6  will lose income, together with work benefits relating to his
7  employment in an amount to be ascertained and inserted herein when
8  known (but which is believed to be well in excess of fifty thousand
9  dollars ($50,000)). (Id. ¶¶ 20-21.) Plaintiff also seeks damages
10 for lost quality of life, for other damages to be proven at trial,
11 and punitive damages in excess of ten thousand dollars ($10,000).
12 (Id. ¶¶ 22-24.)

13      Plaintiff asserts that he has exhausted all of his remedies
14 pursuant to the applicable Collective Bargaining Agreement(s). (Id.
15 ¶ 25.) Plaintiff filed a charge with the Equal Employment
16 Opportunity Commission ("EEOC") and/or the Nevada Equal Rights
17 Commission, receiving a Right-to-Sue Notice on or about April 23,
18 2010. (Id. ¶ 26.)

19
20                      **II. Procedural Background**

21      Plaintiff filed his complaint (#1 Ex. 1) in the Second Judicial
22 District Court of the State of Nevada in and for the County of
23 Washoe on July 13, 2010. SPPC filed a petition for removal to this
24 Court on September 24, 2010. On October 1, 2010, SPPC filed its
25 answer (#3) to Plaintiff's complaint (#1 Ex. 1). On October 15,
26 2010, SPPC filed its motion (#9) for judgment on the pleadings.
27 Plaintiff opposed (#26) and SPPC replied (#27). On November 30,
28                              3

2010, Plaintiff filed a motion (#17) to dismiss.  Defendant opposed (#21) and Plaintiff replied (#24).  The motions are ripe, and we now rule on them.

### III. Motion to Dismiss Standard Under Federal Rule of Civil Procedure 41(a)(2) and Motion to Amend Under Federal Rule of Civil Procedure 15

Federal Rule of Civil Procedure 41(a)(1) provides that a plaintiff may dismiss an action without a court order by filing either (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared. Federal Rule of Civil Procedure 41(a)(2) provides that except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.  Courts generally follow the traditional principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit.  Hamilton v. Firestone Tire & Rubber Co., 679 F.2d 143 (9th Cir. 1982).  It is prejudice to the defendant, rather than the convenience of the court, that is to be considered in deciding a motion for dismissal under Rule 41(a)(2).  Clark v. Tansy, 13 F.3d 1407 (10th Cir. 1993).  If the motion is made at an early stage of the case when only limited resources have been invested, it is more likely to be granted.  League of United Latin American Citizens, Council No. 4434 v. Clements, 999 F.2d 831 (5th Cir. 1993).

4

The Ninth Circuit Court of Appeals has held that Federal Rule of Civil Procedure 41 is not available for piecemeal dismissals of federal claims, but permits only the voluntary dismissal of (i) an entire case; or (ii) all claims against a particular defendant. Hells Canyon Council v. U.S. Forest Service, 403 F.3d 683, 687 (9th Cir. 2005). See also Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1106 (11th Cir. 2004). Authority from other courts, however, indicates that a plaintiff's request to dismiss less than all of his claims under Rule 41 is properly viewed as an amendment to his complaint pursuant to Rule 15. Gronholz v. Sears, Roebuck & Co., 836 F.2d 515, 518 (Fed. Cir. 1987)(quoting Management Investors v. United Mine Workers, 610 F.2d 384, 394-95 (6th Cir. 1979)).[1]

---

[1] As explained in Moore's Federal Practice:

The language of both paragraphs (1) and (2) of Rule 41(a) speaks of the dismissal of an action. Consequently, some problem arises where a voluntary dismissal is sought of fewer than all the claims or all the parties involved in the action, i.e., a fragment of the action. The problem, though, is more technical than substantial.

Where a plaintiff desires to eliminate an issue, or one or more but less than all of several claims, but without dismissing as to any of the defendants the problem may technically be regarded as one of amendment that is governed by Rule 15. Under Rule 15 (a) plaintiff may amend his complaint once as a matter of course at any time before the answer is served. Otherwise he may amend his complaint only by leave of court or by written consent of the defendant. Where he seeks leave of court he invokes the district court's discretion and while leave is to be freely given when justice so requires, the court may deny leave, or impose conditions upon leave to amend to eliminate an issue or claims as it would upon a voluntary dismissal under Rule 41 (a)(2).

But since the district court's discretion is involved when leave of court is required, whether plaintiff's motion is made under Rule 15 or under Rule 41(a)(2), the choice of rules is largely a technical one. But technically speaking, subdivision (a) of Rule 41 does not include dismissal of less than all the claims against any particular defendant.

Moore's Federal Practice P41.06-1 at 41-92-41-93 (footnotes omitted).

5

1

2

## V. Plaintiff's Motion (#17) to Dismiss

3      In his motion (#17) to dismiss, Plaintiff requests that we
4 dismiss his claims based on federal law and remand his fourth and
5 sixth causes of action to state court.

6      SPPC, in its response (#21) to Plaintiff's motion (#17) to
7 dismiss, argues that Plaintiff may not seek dismissal of only his
8 federal claims pursuant to Rule 41(a)(2). Hells Canyon Council v.
9 U.S. Forest Service, 403 F.3d 683, 687 (9th Cir. 2005). We agree
10 that Rule 41 only permits the dismissal of entire actions or of all
11 claims against a particular defendant. Id. However, we are
12 persuaded by authority indicating that a plaintiff's request to
13 dismiss particular claims under Rule 41 may be regarded as a request
14 to amend his complaint pursuant to Rule 15. Here, therefore, we
15 will consider Plaintiff's motion (#17) to dismiss as a motion to
16 amend his complaint (#1 Ex. 1) to exclude his federal claims from
17 the complaint.

18      Federal Rule of Civil Procedure 15(a)(2) provides that a party
19 may amend his complaint with leave of the court, and that the court
20 should freely give leave when justice so requires. Here, we will
21 grant Plaintiff's motion to amend his complaint (#1 Ex. 1). As it
22 is obvious from the pleadings that Plaintiff would amend the
23 complaint (#1 Ex. 1) to exclude all of his federal claims, we will
24 not require Plaintiff to file an amended complaint with the Court.
25 Plaintiff's only remaining claims will therefore be his state law
26 claims.

27

28                                    6

1    Applying the well-pleaded complaint rule to the complaint then

2 remaining, we determine that Plaintiff's state law claims are

3 properly remanded to state court for adjudication.

4

5                    **V. Judgment on the Pleadings Standard**

6    After the pleadings are closed but within such time as not to

7 delay the trial, any party may move for judgment on the pleadings.

8 FED. R. CIV. P. 12(c).  "A judgment on the pleadings is appropriate

9 when, even if all the allegations in the complaint are true, the

10 moving party is entitled to judgment as a matter of law."  Milne ex

11 rel. Coyne v. Stephen Slesinger, Inc., 430 F.3d 1036, 1042 (9th Cir.

12 2005) (internal quotation marks omitted).  Courts have the

13 discretion to grant a Rule 12(c) motion with leave to amend and may

14 dismiss causes of action rather than grant judgment.  See Lonberg v.

15 City of Riverside, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004).

16    The standard applied on a Rule 12(c) motion is similar to that

17 standard which is applied on Rule 12(b)(6) motions.  See Dworkin v.

18 Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989).  As

19 with Rule 12(b)(6) motions, review on a motion pursuant to Rule

20 12(c) is normally limited to the complaint itself.  See Lee v. City

21 of L.A., 250 F.3d 668, 688 (9th Cir. 2001).  The Court should assume

22 the allegations in the complaint to be true and construe them in the

23 light most favorable to the plaintiff, and the movant must clearly

24 establish that no material issue of fact remains to be resolved.

25 McGlinchey v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988).

26 Without more, "conclusory allegations . . . are insufficient" to

27 defeat a motion for judgment on the pleadings.  Id.

28                                7

If the district court relies on materials outside the pleadings in making its ruling, it must treat the motion to dismiss as one for summary judgment and give the non-moving party an opportunity to respond. Fed. R. Civ. P. 12(d); see United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion . . . into a motion for summary judgment." Ritchie, 342 F.3d at 908. If documents are physically attached to the complaint, then a court may consider them if their "authenticity is not contested" and "the plaintiff's complaint necessarily relies on them." Lee, 250 F.3d at 688 (citation, internal quotations and ellipsis omitted).

### VI. SPPC's Motion (#9) for Judgment on the Pleadings

SPPC moves the Court for an order dismissing Plaintiff's complaint on two grounds: (i) certain of Plaintiff's claims against SPPC are preempted as a matter of law by section 301 of the Labor Management Relations Act ("LMRA") and are also barred by the six-month statute of limitations imposed by the National Labor Relations Act ("NLRA"); and (ii) Plaintiff has failed to state claims for which relief may be granted as a matter of law for his remaining claims of tortious discharge, disability discrimination, infliction of emotional distress, conspiracy, and punitive and/or exemplary damages. (Mot. for Judg. on the Pleadings at 1 (#9).)

Pursuant to Federal Rules of Civil Procedure 15, we have found that Plaintiff's complaint (#1 Ex. 1) is amended to exclude his

8

1 │ federal claims.  Plaintiff's state law claims will be remanded to
2 │ the Second Judicial District Court of the State of Nevada in and for
3 │ the County of Washoe for consideration.  SPPC's motion (#9) for
4 │ judgment on the pleadings will therefore be dismissed as moot.
5 │
6 │ **VII. Conclusion**
7 │     Plaintiff's motion (#17) to dismiss pursuant to Federal Rule of
8 │ Civil Procedure 41(a)(2) is regarded as a motion to amend pursuant
9 │ to Rule 15.  We will grant Plaintiff's motion to amend.  As it is
10 │ obvious from the pleadings that Plaintiff would amend his complaint
11 │ to exclude his federal law claims, we will not require Plaintiff to
12 │ file an amended complaint with the Court.  Because Plaintiff's
13 │ amended complaint will only contain state law claims, we will remand
14 │ the case to state court.  SPPC's motion (#9) for judgment on the
15 │ pleadings will therefore be denied as moot.
16 │
17 │     **IT IS, THEREFORE, HEREBY ORDERED** that Plaintiff's motion (#17)
18 │ to dismiss is **GRANTED** as a motion to amend.  Plaintiff's remaining
19 │ claims are remanded to the Second Judicial District Court of the
20 │ State of Nevada in and for the County of Washoe.
21 │     **IT IS FURTHER ORDERED** that SPPC's motion (#9) for judgment on
22 │ the pleadings is **DENIED** as moot.
23 │     The Clerk shall enter judgment accordingly.
24 │
25 │ DATED: August 18, 2011.
26 │
27 │                                    UNITED STATES DISTRICT JUDGE
28 │                                    9